**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

-------------------------------------------------------------X

| | |
|---|---|
| DAVID HAZAN, | Civil Action No.: |
| Plaintiff, | |
| -against- | **COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT** |
| WELLS FARGO & COMPANY | |
| Defendant(s). | **DEMAND FOR JURY TRIAL** |

-------------------------------------------------------------X

## INTRODUCTION/PRELIMINARY STATEMENT

Plaintiff DAVID HAZAN ("Plaintiff"), by and through his attorney, M. Harvey Rephen & Associates, P.C., by Edward B. Geller, Esq., P.C., Of Counsel, as and for his Complaint against the Defendant WELLS FARGO & COMPANY , (hereinafter referred to as Defendant(s)), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action on his own behalf for damages and declaratory and injunctive relief arising from Defendant's violation(s) under Title 47 of the United States Code, §227 commonly known as the Telephone Consumer Protection Act (TCPA).

2. Defendant is subject to, and required to abide by, the laws of the United States and the State of New Jersey, which include the Telephone Consumer Protection Act of 1991, 47 U.S.C. §227, et seq. ("TCPA") and its related regulations, including 47

C.F.R. §64.1200 ("TCPA Regulations"), as well as the opinions, regulations and orders issued by the Federal Communications Commission to implement and enforce the TCPA, the telemarketing regulations issued by the Federal Trade Commission, 16 C.F.R. §310.4(d)(2).

## PARTIES

3. Plaintiff DAVID HAZAN is a resident of the State of New Jersey, residing at 9 Sequoia Street, Lakewood, NJ 08701.

4. Defendant (s), Wells Fargo & Company, is a California company and has a Corporate Headquarters located at 420 Montgomery Street, San Francisco, CA 94163.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter pursuant to 28 USC §1331 and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

7. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "6" herein with the same force and effect as if the same were set forth at length herein.

8. On or about March 21, 2016, Defendant began communicating with the Plaintiff by placing auto dialed phone calls to the Plaintiff's cell phone number of 732-245-2122, and leaving messages.

9. On March 21, 2016 the Plaintiff called Defendant and was connected with a male representative named Salvador.

10. The representative asked for the Plaintiff's name and phone number.

11. The Plaintiff gave his name and the representative asked again for the phone number.

12. The Plaintiff stated he did not have it.

13. The representative asked again for the number associated with the account so he could look up the information.

14. The Plaintiff gave the representative his number and stated that he did not want to receive any more calls to his cell phone.

15. The representative said "All right sir "and the call was concluded.

16. Since the conclusion of the conversation with the Defendant's representative and the request by Plaintiff to have the phone calls stop the Plaintiff has received at least 1402 calls on his cell phone and 20 voicemails.

## FIRST CAUSE OF ACTION
### *(Violations of the TCPA)*

17. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "16" herein with the same force and effect as if the same were set forth at length herein.

18. According to the Telephone Consumer Protection Act 47 USC §227(b)(A)(iii), "It shall be unlawful for any person within the United States, or any

person outside the United States if the recipient is within the United States (A) to make any call (other than a call made for emergency purposes or made with the prior consent of the called party) using any automatic telephone dialing system or an artificial or pre-recorded voice--- (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call us made solely to collect a debt owed to or guaranteed by the United States."

19. It has been determined that the statute language adding "or" any service for which the called party is charged, is not accurately interpreted to require that Plaintiff must claim that Defendant's calls incurred charges. See <u>Breslow c. Wells Fargo Bank, N.A.</u> 857 F. Supp 2d 1316, 1319 (S.D. Fla. 2012) and <u>Cavero v. Franklin Collection Serv., Inc.</u>, 2012 WL 279448 (S.D. Fla. 2012). A number of Courts have addressed the issue of a Plaintiff being charged with all agreeing that the TCPA does not require a Plaintiff who received calls on his/her *cell phone* to allege that he/she was charged for the call. For example, in <u>Manno v.Healthcare Revenue Recovery Grp., LLC</u>, 289 F.R.D. 674 (S.D. Fla. 2013), the Court held that "The TCPA does not require the plaintiff to be `charged for' the calls in order to have standing to sue." In <u>Osorio v. State Farm Bank, F.S.B.</u>, 746 F.3d 1242 (11th Cir. 2014), the Court stated: If the phrase `any service for which the called party is charged for the call' requires that the party be charged per call for the `paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service' in order for the party to prohibit autodialed calls, then the listing of these services would be superfluous because they are already included under them 'any service for which the called party is charged.' On the other

hand, reading `any service for which the called party is charged for the call' as an additional item beyond any call to a `paging service, cellular telephone service, specialized mobile radio service, or other common carrier service,' regardless of whether the called party is charged, gives independent meaning to each term."

20. It is thus clear from the plain language of the TCPA, and its considerable body of resultant case law that the TCPA is violated when a cellular telephone is called with an automatic dialer without consent, even if no charges are alleged or incurred.

21. With the autodialed calls to Plaintiff's telephone commencing on or about March 21, 2016 and continuing at a rate of approximately 1402 times thereafter, the Defendant violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii).

22. The Defendant, having been informed that Plaintiff requested that no further calls be received, willfully violated the TCPA at least (1402) times.

23. Pursuant to the TCPA Omnibus Declaratory Ruling and Order, July 2015, paragraphs 138 and 139, communications from banking institutions which are exempt "…are all intended to address exigent circumstances in which a quick, timely communication with a consumer could prevent considerable consumer harms from occurring or, in the case of the remediation calls, could help quickly mitigate the extent of harm that will occur." Pursuant to Paragraph 139, (3) and (7) "In light of these considerations, we adopt the following conditions for each exempted call (voice call or text message) made by a financial institution:

3) voice calls and text messages are strictly limited to purposes discussed in paras. 129-137 above and must not include any telemarketing, cross-marketing, solicitation, debt collection, or advertising content;

7) a financial institution must honor opt-out requests immediately."

24. Defendant is in violation of the TCPA paragraphs 139 (3) for, upon information and belief, having used its calls for debt collection and (7), failing to honor Plaintiff's desire to opt out of telephone communications despite Plaintiff's clear, unequivocal and repeated requests that such automatic calls cease.

25. Defendant violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii).

## DEMAND FOR TRIAL BY JURY

26. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendant as follows:

A. For trebled damages to be awarded to the Plaintiff in accordance with the TCPA, for each of the Defendant's willful or knowing violations of the TCPA.

B. A declaration that the Defendant's practices violated the TCPA;

C. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:     May 29, 2018

                        Respectfully submitted,

                        *[signature]*

                        EDWARD B. GELLER, ESQ.
                        Edward B. Geller, Esq., P.C., Of Counsel to
                        M. Harvey Rephen & Associates, P.C.
                        15 Landing Way
                        Bronx, New York  10464
                        Tel:(914)473-6783
                        E-Mail: epbh@aol.com

                        *Attorney for the Plaintiffs',*
                        DAVID HAZAN

TO: WELLS FARGO & COMPANY
     420 MONTGOMERY STREET
     SAN FRANCISCO, CA 94163

(*Via Prescribed Service*)

Clerk of the Court,
United States District Court, District of New Jersey
Clarkson S Fisher Building & U.S. Courthouse
402 East State Street Room 2020
Trenton, New Jersey 08608

(*Via Electronic Court Filing*)

## AFFIRMATION

David Hazan, under the penalty of perjury, deposes and says:

I am the Plaintiff in the above entitled action. I have read the foregoing Complaint and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters I believe them to be true.

_____ [Signature]

_____ [Printed]
Plaintiff

Affirmed before me this 30th day of May 2018

_____
Notary Public

BRENDAN SLATER
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires 11/14/2018