**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

DAVID HAZAN,

     Plaintiff,

  v.

WELLS FARGO & CO.,

     Defendant.

Civil Action No. 18-10228 (MAS) (TJB)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

  This matter comes before the Court upon Defendant Wells Fargo Bank, N.A.'s ("Defendant") Motion to Dismiss.[1] (Mot. to Dismiss, ECF No. 7.) Plaintiff David Hazan ("Plaintiff") opposed (ECF No. 10), and Defendant replied (ECF No. 11). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, the Court grants Defendant's Motion to Dismiss the Amended Complaint without prejudice.

**I. Background**[2]

  Plaintiff brings this action alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Plaintiff filed a complaint on June 6, 2018 (Compl., ECF No. 1) and

---

[1] Plaintiff improperly filed suit against Wells Fargo Home Mortgage, ("WFHM") as a division of Wells Fargo Bank, N.A. even though WFHM is only a division and not a separate entity. (*See* Notice of Mot. n.1, ECF No. 7.)

[2] For the purpose of the instant decision, the Court accepts all well-pled factual allegations in the Complaint as true. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

an Amended Complaint on July 6, 2018 (Am. Compl. ("FAC"), ECF No. 5). Plaintiff alleges that "[o]n or about March 21, 2016, Defendant began communicating with . . . Plaintiff by placing auto dialed phone calls to . . . Plaintiff's cell phone number . . . and leaving messages." (FAC ¶ 8.) That same day, Plaintiff called Defendant and told a representative that "he did not want to receive any more calls to his cell phone." (*Id.* ¶¶ 9, 14.) The representative acknowledged this by saying "[a]ll right sir" and ended that conversation. (*Id.* ¶ 15.) Despite this conversation, Plaintiff alleges receiving "at least 1402 calls . . . and 20 voicemails." (*Id* ¶ 16.) Plaintiff reiterates in the FAC, that "[w]ith the autodialed calls to Plaintiff's telephone commencing on or about March 21, 2016 and continuing at a rate of approximately 1402 times thereafter . . . Defendant violated various provisions of the TCPA. . . ." (*Id.* ¶ 21.)

## II. <u>Legal Standard</u>

Pursuant to Federal Rule of Civil Procedure[3] 12(b)(6), courts will examine the legal sufficiency of a complaint and may dismiss a complaint "for failure to state a claim upon which relief can be granted." To survive a motion to dismiss, a complaint must "contain sufficient factual matter" that "state[s] a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Although a court must accept as true all factual allegations in a complaint, that tenet is inapplicable to pleadings that offer "labels and conclusions" or "a formulaic recitation of the elements of a cause of action. . . ." *Id.* (quoting *Twombly*, 550 U.S. at 555). Moreover, on a motion to dismiss for failure to state a claim under Rule 12(b)(6), the "defendant bears the burden of

---

[3] Unless otherwise noted, all references to Rules hereinafter refer to the Federal Rules of Civil Procedure.

2

showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citation omitted).

To state a claim under the TCPA, a plaintiff must plead that "(1) the defendant called a cellular telephone number; (2) using an automatic telephone dialing system ("ATDS"); (3) without the recipient's prior express consent." *Montinola v. Synchrony Bank*, No. 17-8963, 2018 WL 4110940, at *2 (D.N.J. Aug. 28, 2018); *see also Forrest v. Genpact Servs. LLC*, 962 F. Supp. 2d 734, 736 (M.D. Pa. 2013); *Trenk v. Bank of Am.*, No. 17-3472, 2017 WL 4170351, at *2 (D.N.J. Sept. 20, 2017). An ATDS is "equipment which has the capacity[:] (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) . . . dial such numbers." 47 U.S.C. § 227(a)(1).

While Plaintiff need not "provide precise details as to each of the telephone calls, [he] must provide enough information to put Defendant on notice of the allegedly offending messages." *Montinola*, 2018 WL 4110940, at *2. Even though it may be difficult to plead the particulars of the alleged ATDS a defendant used, a plaintiff, nevertheless, must allege facts that would allow a court to plausibly infer that a defendant used an ATDS. *Id.* at *3.

### III. Discussion

Defendant argues that Plaintiff failed to properly plead the elements of a TCPA claim, specifically the second element, *i.e.* that Defendant used an ATDS to make the calls. (Def.'s Moving Br. 2, ECF No. 7.) Defendant argues that Plaintiff is required to plead each element of the statute and it is insufficient to parrot the statutory language. (*Id.* at 3.) Plaintiff alleges Defendant used an ATDS and supports the allegation with the number of phone calls he received. (Pl.'s Opp'n Br. 4, ECF No. 10 ("Such a volume of calls [is] very unlikely to have been manually

3

dialed.").) [4] Defendant, however, cites to a similar case in which the court specifically rejected this inference. *See Trenk*, 2017 WL 4170351, at *3 (granting motion to dismiss when the plaintiff alleged receiving 235 calls over a six-month period). Plaintiff cites to two unpublished orders for the proposition that the Court should either deny the motion to dismiss or allow an amended complaint.[5] (Pl.'s Opp'n Br. 3-4 (citing *Falack v. Bank of Am.* ("*Falack*"), No. 17-2992 (D.N.J.), June 29, 2018 Order at 3, ECF No. 24; *Rotkin v. Bank of Am.* ("*Rotkin*"), No. 17-2574 (D.N.J.), June 29, 2018 Order at 4, ECF No. 26.))

"[A] bare allegation that defendants used an ATDS is not enough." *Douek v. Bank of Am. Corp.*, No. 17-2313, 2017 WL 3835700, at *2 (D.N.J. Sept. 1, 2017) (quoting *Baranski v. NCO Fin. Sys., Inc.*, No. 13-6349, 2014 WL 1155304, at *6 (E.D.N.Y. Mar. 21, 2014) (noting that "the vast majority of courts to have considered the issue have found that '[a] bare allegation that defendants used an ATDS is not enough.'") (collecting cases); *Trumper v. GE Cap. Retail Bank*, 79 F. Supp. 3d 511, 513 (D.N.J. 2014)); *see also Rotkin* ("With regard to [the second] factor . . . there must be some factual assertion that an ATDS was used by [the d]efendants. [The p]laintiff 'need not plead "specific technical details" regarding [the defendant's] use of an ATDS, but he must at least describe, in laymen's terms, the facts about the call or the circumstances surrounding the call that make it plausible that the call was made using an ATDS.'") (internal citations omitted)).

Courts within this district have found that certain factual allegations may give rise to an inference that a defendant used an ATDS to place calls. *Sieleman v. Freedom Mortg. Corp.*, No.

---

[4] As Plaintiff's brief does not contain page numbers, citations to specific pages refer to the pagination assigned by the electronic filing system as designated in the header of each page.

[5] Plaintiff references these orders in his opposition brief and attaches a copy of the unpublished orders to his opposition brief. (Pl.'s Opp'n Br. 3-4, 7-13.)

4

17-13110, 2018 WL 3656159, at *6 (D.N.J. Aug. 2, 2018) (finding a plausible inference of ATDS use when the plaintiff alleged that on the calls "he would hear a noticeable pause/delay" and a message would play encouraging him "to refinance his mortgage with [the defendant]" and that the defendant's website stated it used ATDS to contact customers); *Todd*, 2017 WL 1502796, at *6 (inferring that the defendant used an ATDS from the plaintiff's allegations that "she heard a 'silence' before a recording began" with a "pre-recorded voice"); *Carrera v. Major Energy Servs., LLC*, No. 15-3208, 2016 WL 7183045, at *2 (D.N.J. Mar. 29, 2016) (finding the use of an ATDS plausibly pled when the plaintiff alleged that after answering the defendant's calls, the plaintiff heard a brief pause before a live operator got on the line and started speaking).

Here, Plaintiff pled no facts, other than the sheer number of phone calls, to support an inference that Defendant used an ATDS. Plaintiff alleges approximately 1400 phone calls but fails to specify the time period in which they occurred.[6] Plaintiff alleges twenty voicemails but does not provide any details other than that they occurred. While Plaintiff urges this Court to infer from the number of calls that Defendant used an ATDS, Plaintiff's argument lacks adequate legal citation or support from case law. In addition, the cases Plaintiff cite are inapposite. The *Falack* court denied the motion to dismiss because the plaintiff alleged that the calls ended with a beep. (*Falack* 3.) The *Rotkin* court granted the motion to dismiss where plaintiff only alleged the number of calls, *i.e.* 465 calls and nine text messages. (*Rotkin* 3-4.) Here, the unadorned assertions in the FAC that Defendant used an ATDS are conclusory and insufficient to survive a motion to dismiss for failure to state a claim. The Court, therefore, finds that Plaintiff has failed to plead sufficient

---

[6] At first glance, 1,400 calls appears to constitute a large number. The time period between the first alleged incident—March 21, 2016—and the Complaint's filing—July 6, 2018—is, however, approximately 838 days. The 1,400 calls, therefore, could consist of one to two manual calls per day. The Court, consequently, is not inclined to infer that Defendant utilized an ATDS based solely on the factual allegation of 1,400 calls.

5

facts to support a claim under the TCPA. The Court, however, finds good cause to afford Plaintiff an opportunity to file a Second Amended Complaint.

## IV. Conclusion

For the forgoing reasons the Court grants Defendant's Motion to Dismiss. An order consistent with this Memorandum Opinion will be entered.

s/ Michael A. Shipp<br>
MICHAEL A. SHIPP<br>
UNITED STATES DISTRICT JUDGE

**Dated:** April 30, 2019