<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DAVID HAZAN,

            Plaintiff,

v.

WELLS FARGO HOME MORTGAGE, A
DIVISION OF WELLS FARGO BANK, N.A.,

            Defendant.

Civil Action No. 18-10228 (MAS) (TJB)

**MEMORANDUM OPINION**

<u>SHIPP, District Judge</u>

    This matter comes before the Court upon Defendant Wells Fargo Bank, N.A.'s ("Defendant")[1] Motion to Dismiss the Second Amended Complaint. (ECF No. 22.) Plaintiff David Hazan ("Plaintiff") opposed (ECF No. 23), and Defendant replied (ECF No. 24). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, the Court denies Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint.

**I.    BACKGROUND[2]**

    Plaintiff brings this action alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Plaintiff filed a Complaint on June 6, 2018 (Compl., ECF No. 1) and

---

[1] Defendant states it is improperly sued as "Wells Fargo Home Mortgage, a Division of Wells Fargo Bank, N.A."

[2] For the purpose of the instant decision, the Court accepts all well-pleaded factual allegations in the Complaint as true. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008).

an Amended Complaint on July 6, 2018 (Am. Compl., ECF No. 5). On April 30, 2019, the Court granted Defendant's Motion to Dismiss Plaintiff's Amended Complaint because Plaintiff failed to sufficiently allege the use of an automatic telephone dialing system ("ATDS") as required by the TCPA. (Mem. Op., ECF No. 12.) The Court noted that, although certain factual allegations may raise an inference of ATDS use, merely alleging "the sheer number of phone calls" was insufficient. (*Id.* at 4–5 (citing *Sieleman v. Freedom Mortg. Corp.*, No. 17-13110, 2018 WL 3656159, at *6 (D.N.J. Aug. 2, 2018)).) The Court granted Plaintiff leave to file a second amended complaint. (*Id.* at 6.)

Plaintiff filed a Second Amended Complaint on May 30, 2019. (Second Am. Compl. ("SAC"), ECF No. 14.) Plaintiff alleges that "[o]n or about March 21st, 2016, Defendant began communicating with . . . Plaintiff by placing auto dialed phone calls to . . . Plaintiff's cell phone number . . . and leaving messages." (*Id.* ¶ 8.) That same day, Plaintiff called Defendant and told a representative that "he did not want to receive any more calls to his cell phone." (*Id.* ¶¶ 10, 15.) The representative acknowledged this, said, "All right[,] sir," and ended the conversation. (*Id.* ¶ 16.) Following this conversation, Plaintiff received "at least 1402 calls . . . and 20 voicemails" from Defendant. (*Id.* ¶ 17.) Upon answering each call from Defendant, Plaintiff noticed a brief pause before a pre-recorded voice or a live operator began to speak. (*Id.* ¶ 9.)

## II.  LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), courts will examine the legal sufficiency of a complaint and may dismiss a complaint "for failure to state a claim upon which relief can be granted." To survive a motion to dismiss, a complaint must "contain sufficient factual matter" that "state[s] a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

2

inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Although a court must accept as true all factual allegations in a complaint, that tenet is inapplicable to pleadings that offer "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* (quoting *Twombly*, 550 U.S. at 555). Moreover, on a motion to dismiss for failure to state a claim under Rule 12(b)(6), the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citation omitted).

### III. PARTIES' POSITIONS

Defendant argues that Plaintiff again fails to properly allege the use of an ATDS. (Def.'s Moving Br. 4, ECF No. 22.) Defendant avers that Plaintiff must "plead, then prove, that the subject equipment has the . . . 'present capacity' to generate and to dial random or sequential lists of telephone numbers." (*Id.* at 3 (citing *Dominguez v. Yahoo, Inc.*, 894 F.3d 116, 119–21 (3d Cir. 2018)).) According to Defendant, the mere allegation of a brief pause at the beginning of a call is insufficient because it does not address the present capacity of the equipment. (*Id.*) Defendant acknowledges that some courts in this district have held otherwise, but nevertheless asks this Court to disregard such decisions because they pre-date the U.S. Court of Appeals for the D.C. Circuit's ruling in *ACA Int'l v. F.C.C.*, 885 F.3d 687 (D.C. Cir. 2018), which the U.S. Court of Appeals for the Third Circuit adopted in *Dominquez*. The *ACA International* court held that whether a device qualifies as an ATDS depends on its present capacity, not its "latent or potential capacity."

Plaintiff argues that a brief pause before a pre-recorded voice or a live operator speaks sufficiently alleges ATDS use under the TCPA. (Pl.'s Opp'n Br. 3, ECF No. 23 (citing *Sieleman*, 2018 WL 3656159, at *6; *Carrera v. Major Energy Serv., LLC*, No. 15-3208, 2016 WL 7183045, at *2 (D.N.J. Mar. 29, 2016)).)

3

## IV. DISCUSSION

To state a claim under the TCPA, a plaintiff must plead that "(1) the defendant called a cellular telephone number[,] (2) using an ATDS, and (3) without the recipient's prior express consent."[3] *Montinola v. Synchrony Bank*, No. 17-8963, 2018 WL 4110940, at *2 (D.N.J. Aug. 28, 2018). Under the TCPA, an ATDS is "equipment which has the capacity . . . to store or produce telephone numbers to be called, using a random or sequential number generator, and . . . to dial such numbers." 47 U.S.C. § 227(a)(1). Although it may be difficult to plead the particulars of the alleged ATDS a defendant used, a plaintiff must allege facts that would allow a court to plausibly infer that a defendant used an ATDS. *Montinola*, 2018 WL 4110940, at *3.

In its 2003 ruling interpreting the TCPA, the Federal Communications Commission ("FCC") found that a predictive dialer[4] falls within the meaning and statutory definition of an ATDS. *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd. 14014, 14092–3 (2003) (noting that the basic function of a predictive dialer is its capacity to dial numbers without human intervention). Several subsequent FCC rulings affirmed this finding. *See, e.g., In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 FCC Rcd. 559, 566 (2008); *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 30 FCC Rcd. 7961, 7972 (2015). In 2015, the FCC determined that a device with the "potential" capacity to store or produce telephone numbers using a random or sequential generator can qualify as an ATDS. *In re Rules and Regulations*, 30 FCC Rcd. at 7975–78.

---

[3] Because Defendant only contests Plaintiff's pleading on the second element, the Court does not discuss the first and third elements.

[4] A predictive dialer is "equipment that dials numbers and, when certain computer software is attached, also assists telemarketers in predicting when a sales agent will be available to take calls." *Wilson v. Quest Diagnostics, Inc.*, No. 18-11960, 2018 WL 6600096, at *2 (D.N.J. Dec. 17, 2018) (quoting *In re Rules and Regulations*, 18 FCC Rcd. at 14091).

In 2018, the U.S. Court of Appeals for the D.C. Circuit invalidated the FCC's 2015 interpretation of the term "capacity" as impermissibly expansive. *ACA Int'l*, 885 F.3d at 695–700. In *Dominquez*, the Third Circuit adopted *ACA International*'s holding that only the present capacity standard controls. 894 F.3d at 121 (affirming the district court's grant of summary judgment in favor of the defendant because the plaintiff failed to show that the defendant's device had the present capacity to function as an autodialer).

Neither *ACA International* nor *Dominquez* refuted the FCC's prior finding that a predictive dialer can qualify as an ATDS. *See Wilson*, 2018 WL 6600096, at *3. Following the *ACA International* and *Dominquez* decisions, courts in this district continue to find that an allegation of a brief pause at the beginning of a call is sufficient to plead the ATDS element. *Id.* at *2 (finding a plausible inference of ATDS use where the plaintiff alleged that, upon answering the calls, "she heard a momentary pause before someone started speaking to her"); *Sieleman*, 2018 WL 3656159, at *6 (finding that the plaintiff adequately pleaded the ATDS element by alleging "he would hear a noticeable pause [or] delay," in addition to background information, such as the defendant's website advertising its use of autodialers).[5]

Here, Plaintiff alleges a brief pause or silence upon answering each call from Defendant. (SAC ¶ 9.) This is sufficient to plead the ATDS element in the Third Circuit. The Court, therefore, finds that Plaintiff has pleaded sufficient facts to support a claim under the TCPA.

---

[5] Defendant asks the Court to follow an out-of-circuit decision in *Bader v. Navient Solutions, LLC*, No. 18-1367, 2019 WL 2491537 (N.D. Ill. Jun. 14, 2019). (Def.'s Moving Br. 4.) In *Bader*, the plaintiff alleged the use of a predictive dialer and that he experienced "a noticeable pause . . . before [he was] connected with a live representative." 2019 WL 2491537, at *2. The court found that the plaintiff failed to adequately plead the use of an ATDS. *Id.* ("[The plaintiff] does not put forth any factual allegations that suggest [the defendant] dialed his number using equipment that had the capacity to generate random or sequential numbers.") The court, however, did not discuss how the allegation of a brief pause factored in its decision or whether such an allegation gives rise to a plausible inference of ATDS use.

5

## V. CONCLUSION

For the forgoing reasons, the Court denies Defendant's Motion to Dismiss. An order consistent with this Memorandum Opinion will be entered.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE